## MEYERE v. RAILROAD.

### (*Nashville.*   December Term, 1902.)

1. **COMMON CARRIERS.** Contributory negligence of passenger voluntarily and unnecessarily riding on platform of moving train bars recovery.

   A passenger who voluntarily and unnecessarily undertakes to ride on the platform of a moving train cannot recover damages for injuries sustained in consequence of such perilous exposure. (*Post, p.* 173.)

2. **SAME.** Same.  Case in judgment.  Demurrer sustained.

   A declaration in a suit to recover damages for personal injuries sustained by the plaintiff, while a passenger on one of defendant's trains, alleging in substance that he purchased a ticket entitling him to transportation and took passage upon the rear coach of defendant's train, and not being able to secure a seat in that coach, because of the crowded and overloaded condition thereof, he stationed himself on the rear platform of the coach and remained there without objection on the part of the defendant and its agents and employees, and while the train was passing a sharp curve at a reckless, rapid and unusual rate of speed, plaintiff was violently precipitated from the train and greatly injured, but not alleging that plaintiff requested any of the employees of defendant to procure him a seat, or that he attempted to find one in any other coach of the train, or that there were, in fact, no vacant seats in the other cars, or that there was not standing room inside the coach, whose platform plaintiff occupied, or at what rate of speed the train was moving, so as to show that it was immoderate and excessive, even if this were a matter which the law regulated, states no cause of action and is *demurrable* because it appears from the declaration that the

Meyere v. Railroad.

injury was brought about by the negligence and imprudence of the plaintiff in assuming voluntarily and unnecessarily a position on the platform of the car admittedly dangerous and not designed for the use of passengers. (*Post, pp.* 167-174.)

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson County.—J. W. BONNER, Judge.

FRANK P. BOND and LEWIS LEFTWICH, for Meyere.

CLAUDE WALLER and J. D. B. DEBOW, for Railroad Company.

MR. JUSTICE MCALISTER delivered the opinion of the Court.

Plaintiff brought this suit to recover damages for personal injuries sustained by him while a passenger on one of the defendant's trains. A demurrer to the declaration was sustained by the circuit judge, and the plaintiff appealed.

The cause of action is thus stated in the third count of plaintiff's declaration, namely:

"Said plaintiff, according to the terms of his contract and his ticket, purchased of defendant at said station of Tullahoma, for the transportation of plaintiff from said station to Nashville, as aforesaid, entered the last car

of said train, which was what is known as a 'day coach,' and which was attached behind the car known as a 'sleeper,' though usually a sleeper was run upon said train as the rear car, when, because of the careless and negligent conduct of defendant, its agents and employees, in failing to provide suitable, usual, and proper accommodations for plaintiff, according to its contract and agreement with plaintiff for his safe and convenient transportation over its road as aforesaid, and because of the careless and negligent conduct of said defendant, its agents or employees, in not furnishing plaintiff a seat on said train, and the crowded and overloaded condition thereof; the rear door of said car having been carelessly and negligently left ajar by the defendant, its agents and employees; plaintiff having seen other persons, passengers, standing on said platform, without objection on the part of the defendant, its agents and employees,—when, by reason of the careless, negligent, and unskillful management and operation of said train by defendant, its agents and employees, when said train was being run at a careless, negligent, and reckless rate of speed around a sharp curve in said road, by a sudden lurch of said car, plaintiff lost his balance, and because of the carelessness, negligence, and unskillfulness of defendant, its agents or employees, in not having the said door of said car, it being the last car of said train, securely closed, and in not having said platform of said car safeguarded and protected by the usual, proper, and necessary railings, chains, and guards, was violently

thrown from said platform to the ground, fracturing his skull, and otherwise wounding, bruising, and crippling plaintiff, permanently disabling him, and causing him great mental and bodily suffering, and on account of which he was, and still is, unable to attend to his ordinary business duties."

The demurrer to this count was, viz: "(1) The said third count fails to aver that the plaintiff could not secure a seat on the rear coach, or some other coach on the train, and that he made any effort to do so, or that he notified any of the defendant's agents in charge of the train that he could not secure a seat, but shows, on the contrary, that he took his position voluntarily and unnecessarily on the platform of the rear coach while the train was in rapid motion, which platform was not provided with railings or guards.    Such conduct on the part of plaintiff was negligence, which would, in law, bar any right of recovery against this defendant for any accident to him in falling off of said platform.    Said count is therefore insufficient in law.    (2)    The said third count fails to aver that any of the defendant's agents in charge of the train knew that plaintiff had no seat inside of the coach, and that he had taken his station for passage on the rear platform of the rear coach of said train, and fails to aver any act of negligence of the defendant which was the proximate cause of the injury to him.    The said third count is therefore insufficient in law.    (3)    The said third count shows that plaintiff was guilty of negligence in going upon the un-

guarded platform of the rear coach of the train, and that said negligence was the proximate cause of the accident. The said count is therefore insufficient in law."

The determinative question of law presented by the pleadings is, whether a passenger who voluntarily and unnecessarily assumes a position on the platform of a rapidly moving train can recover damages for injuries sustained in consequence of being thrown from the train, by the motion of the car while rounding a sharp curve?

Mr. Wood, in his work on Railway Law, vol. 2, p. 1157, says: "A railroad company is bound to furnish its passengers reasonable and proper accommodations for traveling, and if it has an insufficient number of cars, so that passengers are compelled to ride upon the platform, it is liable for injuries received by them while riding there; but for injuries received while unnecessarily riding there the company is not responsible, nor while passing from one car to another unnecessarily. The fact that the conductor permits a passenger to ride upon the platform when there is no necessity for his doing so does not render the company liable for injuries received by him. No person can charge another with the consequences of his own negligence simply because such other person permitted him to do the act."

Mr. Elliot, in his work on Railroads, vol. 4, sec. 1630, says: "It is also negligence, under ordinary circumstances, to stand upon the platform of a rapidly moving commercial railroad car. But there may be exceptional cases in which this is not true, and two or three of the

courts have held that standing upon the platform is not contributory negligence, where the car is so crowded that the passenger is unable to get a seat therein, although there is room for him to stand inside the car. This seems to us, however, to be contrary both to principle and to the weight of authority. The failure to furnish him a seat may be of importance in determining the question of negligence or breach of duty on the part of the carrier, but we are unable to see its bearing upon the question of contributory negligence, especially where there is plenty of room to stand inside the car. In such case the failure to furnish a seat does not make it any safer or any less negligent to stand upon the platform, and is not the proximate cause of the injury."

Mr. Patterson, in his work on Railway Accident Law, sec. 272, says: "It is well settled that a passenger who voluntarily and unnecessarily places himself in a position of danger cannot hold the railway responsible for injuries of which his position is the efficient cause—as, for instance, . . . from his riding on the platform of a moving car before the train comes to a stop; but, as before stated, it has been held that the failure of the railway to perform its duty of providing the passenger with a seat will excuse his contributory neglignce in riding on the platform; yet this doctrine cannot be regarded as reasonable, for, if the passenger cannot obtain a seat, he may stand within the car, or he may refuse to proceed on his journey, and may hold the railway responsible for the damages resulting from its breach

of contract; but injuries resulting primarily from his voluntarily putting himself in a position of such obvious danger as that of riding on the platform of a car in motion cannot be said to have been proximately caused by the railway's failure to provide him with a seat."

In volume 5, Am. & Eng. Ency. of Law (2d Ed.), p. 678, it is said: "If a passenger voluntarily and unnecessarily stands on the platform of a railroad car while it is in motion, he cannot maintain an action against the railroad company for an injury due in part to the fact of his occupying this position."

Again, it is said on page 679: "Thus, where the passenger at the time of receiving an injury is on the platform of a running car, when there is room for him inside the car, this is such contributory negligence as will prevent recovery for the injury."

Again, on page 681, it is said: "It has been held that for a passenger to be upon the platform of a steam car in motion is, as a general proposition, prima facie negligence, and no recovery can be had for an injury which was contributed to by the fact of his being in that position, unless his presence there is shown by affirmative proof to have been excused by the occasion."

Mr. Wharton, in his work on Negligence, sec. 368, says: "Passing from car to car when the train is moving, if followed by injury to the plaintiff in consequence of such exposure, bars his recovery."

In discussing this subject, Mr. Beach, in his work on

Contributory Negligence, sec. 149, says: "If there is even standing room in the car, it is negligence to occupy the platform.   This is the rule in Pennsylvania and Illinois, and it is commended by Dr. Wharton."

We believe the true rule to be that a passenger who voluntarily and unnecessarily undertakes to ride on the platform of a moving train cannot recover damages for injuries sustained in consequence of such perilous exposure.   The terms "voluntarily" and "unnecessarily" impose the limitation upon the rule, for, if it appears that, owing to the overcrowded condition of the car, there is neither sitting nor standing room on the inside, it may not be negligence to occupy the platform.   But so long as there is standing room inside the car the passenger cannot occupy the platform.

It will be observed, from a careful reading of the declaration, that it is not alleged that plaintiff requested any of the trainmen to procure him a seat, nor that he attempted to find a seat in any other coach of the train; nor is there an allegation that in fact there were no vacant seats in the other cars.   It is not alleged, moreover, that there was not standing room in the coach whose platform plaintiff occupied.   The substance of the plaintiff's declaration is that he took passage upon the rear coach of defendant's train at Tullahoma, and not being able to secure a seat in that coach, because of the crowded and overloaded condition thereof, he stationed himself on the rear platform of that coach, and, while the train was passing a curve at a rapid and unusual

rate of speed, plaintiff was precipitated from the train and injured.

It is not alleged at what rate of speed the train was moving, so as to show that it was immoderate and excessive, even if this were a matter which the law regulated. We must conclude, from the facts set out in the declaration, that the injury was brought about by the negligence and imprudence of the plaintiff in assuming voluntarily and unnecessarily a position on the platform of the car admittedly dangerous, and not designed for the use of passengers.

The judgment of the circuit court is affirmed.